*Gabriel F. Irving et al., surviving exr's, &c. of Henry Eckford, dec'd.* v. *George C. De Kay et al.* D. LORD and F. B. CUTTING, for complainants; G. WOOD and N. DANE ELLINGWOOD, for defendants. Decided that any legal trust is suffi-

Construction of will. Validity of trusts.

cient to sustain a devise or conveyance to the trustee of an estate commensurate with such trust, without reference to the illegal trusts which the testator or grantor has attempted to create in the same estate.

That the intention of a testator, when ascertained from an examination of the will, in connexion with the situation of his property, &c. at the time of making such will, must be carried into effect, so far as that intention is consistent with the rules of law.

That although some of the objects for which a trust is created, or some future interests limited upon the trust estate, are illegal or invalid, if any of the purposes for which the trusts was created are legal and valid, the legal title vests in the trustees during the continuance of such valid objects of the trust; except in those cases where the legal and valid objects of the trust are so mixed up with those which are illegal and void that it is impossible to sustain the one without giving effect to the other.

That every disposition by a testator of an estate or interest in the rents, profits, or income of his real or personal property, and every trust in the will, which, if valid, would have the effect of rendering the property inalienable for a longer period than is allowed by law, and every remainder or other future estate or interest limited upon the trust, which would have that effect must be considered and treated as absolutely void and inoperative in determining the question of the validity of a devise of the legal estate to trustees or the validity of any other provisions of the will.

Decree declaring the construction of the will and the rights of the parties under it; and referring it to a master to take and state the accounts of the executors.